(No. 2179— )

JOHN MERKLE & SONS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1937.*

CARL BEHRMAN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant filed its complaint herein on May 25th, 1933, and alleges therein in substance that on August 20th, 1932 a certain Tudor Ford sedan belonging to the claimant was damaged as the result of the carelessness and negligence of one of the agents of the respondent in charge of the State Highway Bridge across the Illinois River at Pekin.

It appears that a portion of the bridge is lifted in order to provide for the passage of steamers thereunder, and that as the bridge is lifted, a steel gate is automatically lowered for the protection of persons driving over the bridge. In some way the steel gate was lowered on top of claimant's car, and it was thereby damaged. Claimant contends that the damage in question resulted from the carelessness and negligence of the bridge tender, and asks to be compensated for the damage so sustained.

The Attorney General has moved to dismiss the case on the ground that there is no liability on the part of the State under the facts set forth in the complaint.

The bridge in question is a part of the State highway and is owned and operated by the respondent.

This court has held in many cases that in the maintenance of its hard-surfaced highways, the State is acting in a governmental capacity, and while acting in that capacity, is not liable for the negligence of its servants and agents, in the absence of a statute making it so liable. *Beecher Williams* vs. *State,* 8 C. C. R. 578; *Sullivan* vs. *State,* 8 C. C. R. 140; *McDonald* vs. *State,* 8 C. C. R. 84. See also *Minear* vs. *State Board of Agriculture,* 259 Ill. 549.

We have no jurisdiction to allow any claim unless the claimant would be entitled to redress against the State either at law or in equity, if the State were suable. *Crabtree* vs. *State,* 7 C. C. R. 207; *Titone* vs. *State,* No. 2475, decided at the January term, 1937.

There being no liability on the part of the State under the facts set forth in the complaint, the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.